UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERVIS FITZGERALD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. CV 15-1439 GW(JC)<br><br>(PROPOSED)<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint and all of the records herein, including the attached Report and Recommendation of United States Magistrate Judge ("Report and Recommendation" or "R&R") and plaintiff's objections to the Report and Recommendation ("Objections"). The Court has further made a *de novo* determination of those portions of the Report and Recommendation to which objection is made.[1] The Court concurs with and accepts the findings, conclusions, and recommendations of the United States

///

---

[1] The Court declines to consider new arguments raised for the first time in Objections to the Report and Recommendation. See United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000), cert. denied, 534 U.S. 831 (2001).

1  Magistrate Judge and overrules the Objections for reasons including those
2  discussed below.
3     First, the Objections mischaracterize portions of the Report and
4  Recommendation and the administrative record and, at times, do so without any
5  citation to the record. For example, the ALJ gave "little weight[]" to the opinions
6  of plaintiff's primary care physician, Dr. Elias Paikal, in part based on conflicts in
7  the physician's opinions – specifically, "the doctor opined the [plaintiff] has no
8  significant limitations in reaching, handling or fingering but then went on to limit
9  these activities to 50 percent of the day." (AR 19) (citing AR 358). In the
10 Objections, plaintiff wrote "[t]he Magistrate Judge notes the ALJ's reliance on
11 'conflicting opinions regarding plaintiff's reaching, handling and fingering
12 inabilities[,]' as a legitimate basis for *rejecting* the treating provider's opinion[,]"
13 and plaintiff complains that "[a] simple scrivener's error in noting 'no' significant
14 limitation in these areas is hardly the basis for rejecting the *entire* treating
15 physician report." (Objections at 1) (emphasis added). The Report and
16 Recommendation, however, did not find that the ALJ had rejected Dr. Paikal's
17 opinions entirely (as plaintiff suggests), but instead simply determined that the
18 ALJ had properly given *"less weight"* to the treating physician's opinions because
19 of the noted conflict. (R&R at 7) (citing Administrative Record ("AR") 19, 358).
20    Plaintiff continued "[a]dditionally, reading the evidence in a light favorable
21 to the claimant, the treating provider could certainly opine that a 50% reduction in
22 these functional abilities is not 'significant.'" (Objections at 1-2). To the extent
23 plaintiff is arguing that the ALJ had no basis for giving less weight to Dr. Paikal's
24 assessment because there was no conflict at all in such physician's opinions
25 regarding plaintiff's reaching, handling and fingering abilities, such an argument
26 lacks merit. Here, the question at issue in the Cervical Spine Residual Functional
27 Capacity Questionnaire first asked Dr. Paikal to state whether plaintiff had
28 "significant limitations with reaching, handling or fingering[,]" and asked the

doctor "[to] indicate the percentage of time during an 8-hour working day that [the] patient can use hands/fingers/arms [for various tasks]" *only if* the answer to the first part of the question was "yes." (AR 358). Since Dr. Paikal circled "no" in the first part of the question at issue, his completion of the second part of the question created a conflict in the treating physician's opinions. The ALJ's reasonable conclusion must be upheld, even if, as plaintiff contends, the evidence could support more than one reasonable inference. See Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, [a court] may not substitute [its own] judgment for that of the ALJ.") (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).

In addition, plaintiff asserts that "the state agency doctors only had [medical] records through 2011 and the hearing was held in 2013 so they clearly did not have all necessary information to adjudicate the entire period." (Objections at 6). However, the administrative record reflects that the state agency reviewing physicians also considered at least the February 18, 2012 report of the consultative examining orthopedic surgeon. (AR 85-86, 104-06; see AR 346-50).

Second, the Report and Recommendation found that the ALJ properly gave less weight to Dr. Paikal's opinions in light of evidence that plaintiff had received conservative treatment – *e.g.*, "plaintiff was seen by an orthopedic surgeon who did not recommend surgery, but instead plaintiff was simply referred for a pain consultation." (R&R at 8) (citing AR 18, 328, 495, 507, 696,[2] 703). Plaintiff objects, arguing that "contrary to the ALJ's findings and the R&R[,] the orthopedic surgeon did recommend surgery but the plaintiff elected to try alternative treatments due to the risks of surgery." (Objections at 3-4) (emphasis in original). The Court is not persuaded by plaintiff's argument, however, since

---

[2] The citation to AR 693 on page 8 line 25 of the Report and Recommendation is replaced with a citation to AR 696.

3

(1) plaintiff's argument is diametrically opposed to the position plaintiff took in his summary judgment motion that the orthopedic consultation had *"not immediately result[ed] in a surgical recommendation . . ."* (Plaintiff's Motion at 6) (emphasis added); (2) the portion of the record cited by plaintiff reflects only that the orthopedic surgeon discussed "operative treatment" among other "treatment options" and does not reflect that surgery was recommended (Objection at 4) (citing AR 328); and (3) the Report and Recommendation correctly concluded that substantial evidence supported the ALJ's assertion that "the orthopedic surgeon . . . did not recommend surgery" (AR 18, 328, 495, 507, 696, 703).

Third, plaintiff objects to the Report and Recommendation finding that the ALJ properly gave less weight to Dr. Paikal's opinions regarding plaintiff's back and neck limitations because the treating physician was not an orthopedic specialist. (Objections at 3; see R&R at 8) (citing 20 C.F.R. §§ 404.1527(c)(5), 416.927(c)(5)). Plaintiff asserts that such finding is "[c]learly . . . inconsistent with" the supporting regulations cited in the Report and Recommendation. (Objections at 3). The Court disagrees. Where, like here, an ALJ has not given a treating physician's opinions "controlling weight," the ALJ may – as with "any [other] medical opinion" – "give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist." 20 C.F.R. §§ 404.1527(c)(5), 416.927(c)(5).

Fourth, plaintiff objects to the finding that the ALJ properly discounted plaintiff's credibility, in part, due to inconsistencies between plaintiff's daily activities and plaintiff's allegations regarding the severity of his subjective symptoms. (Objections at 7-9). Plaintiff essentially argues that the foregoing is not a clear and convincing reason for finding plaintiff less credible, in part, because "it is unknown what activities of daily living the Plaintiff is allegedly performing that would transfer to a work setting or that are inconsistent with a totally debilitating impairment." (Objections at 8). Nonetheless, substantial

evidence supports the ALJ's credibility determination in this respect. For example, at the hearing plaintiff testified, in part, that due to severe pain he was unable to put on his own socks and shoes, so his wife needed to "do all of that in the morning [,]" and that every day he needed to be in a "somewhat semi-reclined [position]" for up to six hours or more. (AR 63-66). It was reasonable for the ALJ to conclude that plaintiff's ability to engage in multiple basic "activities of daily living" was inconsistent with such testimony. See, e.g., Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) (ALJ may consider daily activities to extent plaintiff's "level of activity [is] inconsistent with [the] . . . claimed limitations"). Even so, to the extent plaintiff's daily activities were not a "clear and convincing" reason for discounting plaintiff's credibility, any such error was harmless since, for the reasons discussed in the Report and Recommendation, the ALJ provided several other reasons for discrediting plaintiff which are supported by substantial evidence, and any such error would not have negated the validity of the ALJ's ultimate credibility determination in this case. See Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (Where one or more reasons supporting an ALJ's credibility analysis are invalid, any error is harmless if (1) the ALJ provided other valid reasons supported by the record; (2) "there remains substantial evidence supporting the ALJ's decision"; and (3) the error "does not negate the validity of the ALJ's ultimate [credibility] conclusion.") (citations and internal quotation marks omitted).

    Finally, plaintiff's other objections are essentially based on the same arguments previously raised by plaintiff, and which the Report and Recommendation properly concluded have no merit.

    IT IS HEREBY ORDERED that (1) the decision of the Commissioner of Social Security is affirmed; and (2) Judgment be entered accordingly.

///

///

IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the Report and Recommendation, and the Judgment on counsel for the parties.

DATED: March 29, 2017

_____
HONORABLE GEORGE H. WU
UNITED STATES DISTRICT JUDGE